IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA,
PENSACOLA DIVISION

PINE FOREST ASSEMBLY OF GOD
CHURCH, INC.
    Plaintiff,
v.                                     CASE NO. 3:22-CV-6472-MCR-ZCB

CHURCH MUTUAL INSURANCE
COMPANY, S.I.
    Defendant.
_____/

## DEFENDANT CHURCH MUTUAL INSURANCE COMPANY, S.I.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Church Mutual Insurance Company, S.I. ("Church Mutual"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files this Motion to Dismiss Plaintiff Pine Forest Assembly of God Church, Inc.'s Complaint (ECF No. 3-1 at 5-7) for failure to state a claim upon which relief can be granted. As grounds in support thereof, Church Mutual states as follows:

1. This matter arises from a first-party breach of contract dispute involving a commercial property insurance policy.

2. On April 18, 2022, Plaintiff filed its Complaint in the First Judicial Circuit, in and for Escambia County, Florida.

3. Church Mutual timely removed the matter to this Court on May 18, 2022.

4. Plaintiff's Complaint alleged that Church Mutual issued insurance policy "0097681--01--216497, for Plaintiff's property located at 3125 Pine Forest Road, Cantonment, FL 32533." (ECF No. 3-1 at 6, ¶ 5).

5. In support of its claim for Breach of Contract, Plaintiff alleged the following operative facts:

> 7. At all material times hereto, Plaintiff's insurance policy included coverage for dwelling, other structures, personal property, and loss of use suffered by Plaintiff.
>
> [***]
>
> 12. On or about, September 16, 2020, Plaintiff's property was damaged by a covered loss.
>
> [***]
>
> 15. Defendant has breached the policy of insurance by failing to pay the full amount of damage sustained by Plaintiff.

*Id.* ¶¶ 7, 12, and 15.

6. Plaintiff failed to plead ultimate facts supporting its cause of action for Breach of Contract in the Complaint.

7. Plaintiff failed to identify the alleged cause of loss and the provisions of the insurance policy that Plaintiff contends Church Mutual breached or that entitle Plaintiff to payment.

8. Instead, Plaintiff merely recited the elements of a breach of contract.

9. As pled, Plaintiff failed to state a claim upon which relief can be granted.

10. Plaintiff's Complaint should therefore be dismissed without prejudice and Plaintiff permitted to file an Amended Complaint that pleads with specificity the alleged cause of loss and the material provision(s) of the insurance policy that it contends Church Mutual has breached and entitle it to damages.

WHEREFORE, Defendant Church Mutual Insurance Company, S.I., respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Complaint without prejudice for failing to state a claim upon which relief can be granted.

## MEMORANDUM OF LAW

### I.      Standard for Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the plaintiff has alleged enough plausible facts to support its claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). To survive a motion to dismiss, a complaint must contain sufficient facts in order to "state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). When evaluating a motion to dismiss, the court accepts all well-pled facts in the complaint as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). To satisfy Federal Rule of Civil Procedures 8(a)(2)'s pleading requirement, a plaintiff must allege more than mere labels, conclusions, or a formulaic recitation of elements. *Twombly*, 550 U.S. at 554-555. Pleadings require factual allegations above "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. Pleadings offering only legal conclusions or naked assertions absent any factual enhancement are insufficient. *Id*.

## II.    Governing Principles

As to Plaintiff's claim for Breach of Contract, the necessary elements to support the cause of action are the existence of a valid contract, a material breach of that contract, and damages. *J.J. Gumberg Co. v. Janis Services, Inc.,* 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003). A court may dismiss a complaint for breach of contract that only vaguely references a breach and does not "identi[fy] the contract provision that formed the basis of [the claim]." *Burgess v. Religious Tech. Ctr., Inc.*, 600 Fed. Appx. 657, 664 (11th Cir. 2015).

"It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Herssein Law Group v. Reed Elsevier, Inc.*, 594 Fed.

4

Appx. 606, 608 (11th Cir. 2015) (quoting *Harris v. Am. Postal Workers Union,* 198 F.3d 245 (6th Cir. 1999)). A complaint that only generally asserts breach of a contract, without identifying the provisions of the contract that have been breached, does not satisfy federal pleading requirements. *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020).

Even appending a contract to a complaint that only alleges a threadbare recital of the elements of a breach of contract claim is insufficient. *See Burgess*, 600 Fed. Appx at 664 & n.3 (affirming dismissal of breach of contract claim where plaintiffs did not identify which provisions were allegedly breached even though contracts were in the record); *See also Wohl Built, Inc. v. Maxum Indem. Co.*, No. 17-CV-80867, 2017 WL 10410373, at *2 (S.D. Fla. Dec. 21, 2017). In circumstances where an insured pleads that it does not possess the insurance policy, dismissal remains appropriate if the insured fails to identify the material provisions of the insurance policy that its insurer allegedly breached. *See Boca Raton Sailing v. Scottsdale Ins. Co.,* 18-CV-81236, 2019 WL 7904805, at *1-2 (S.D. Fla. Mar. 18, 2019).

### III. <u>Argument</u>

Plaintiff failed to state a viable cause of action for Breach of Contract against Church Mutual that complies with federal pleading requirements. Plaintiff was required to plead sufficient facts demonstrating the existence of a valid contract, a breach by Church Mutual, and damages. Plaintiff's Complaint is defective in that

Plaintiff failed to identify the nature of the alleged covered cause of loss or the material provision(s) of the insurance policy that Plaintiff asserts that Church Mutual breached and that Plaintiff contends entitles it to damages. Plaintiff therefore failed to state a claim upon which relief can be granted.

Plaintiff's averred non-possession of the insurance policy does not relieve it of the obligation to plead its cause of action with sufficient precision and clarity. In *Boca Raton Sailing*, an insured brought a first-party breach of contract claim against its insurer. 2019 WL 7904805 at 1-2. In that case, as here, the insured's complaint pled the existence of an insurance policy but did not attach a copy of the policy to the complaint. *Id.* at 2. The court, and insurer, agreed that attaching the insurance policy was not required. However, the court found that:

> the Complaint does not allege the disputed provisions with sufficient specificity to claim a material breach. Provisions need not be identified with a section or page number, but a complaint must at least provide enough information regarding the disputed terms to give the opposing party reasonable notice of which provisions are being contested.

*Id*. The court granted the insurer's motion to dismiss and concluded that the complaint failed to satisfy federal pleading standards and that it did not state a claim upon which relief could be granted. *Id*.

Comparable to *Boca Raton Sailing*, Plaintiff's Complaint is also deficient. Plaintiff failed to identify any material provision(s) of the insurance policy that is at

6

issue in this litigation. Instead, Plaintiff only vaguely alleged that unspecified damages have resulted from Church Mutual's purported breach without identifying any obligation imposed by the Policy with which Church Mutual has not complied. Moreover, Plaintiff did not identify any language of the insurance policy that it contends entitles it to damages. The issue is compounded further because Plaintiff also failed to identify the nature of the alleged covered cause of loss or any facts that, if assumed true, would demonstrate that a covered cause of loss occurred.

Even assuming all well-pled facts as true, Plaintiff failed to state a claim for Breach of Contract and did not satisfy the minimal pleading requirements imposed by the Federal Rules. Therefore, Plaintiff's Complaint should be dismissed without prejudice.

## IV.  Conclusion

WHEREFORE, Defendant Church Mutual Insurance Company, S.I., respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Complaint without prejudice for failing to state a claim upon which relief can be granted.

**CERTIFICATE OF COMPLIANCE WITH N.D. FLA. LOC. R. 7.1(F)**

The undersigned certifies that this Motion and Memorandum contain 1,532 words.

Respectfully submitted on this the 24th day of May 2022.

George W. Hatch, III • FBN 0072028
george@guildaylaw.com
Alexander S. Whitlock • FBN 118001
alex@guildaylaw.com
Guilday Law, P.A.
1983 Centre Pointe Blvd., Suite 200
Tallahassee, FL 32308
Secondary: sofia@guildaylaw.com
dana@guildaylaw.com
(850) 224-7091 (Telephone)
(850) 222-2593 (Facsimile)
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 24th day of May 2022, via the CM/ECF system at the addresses designated below:

Lauren R. Rosen, Esq
Brett L. Schlacter, Esq.
1108 Kane Concourse, Suite 305
Bay Harbor Islands, FL 33154
Tel: (305) 999-1111
Facsimile (305) 440-1354
*bls@schlacterlaw.com*
*lauren@schlacterlaw.com*
*brittiny@schlacterlaw.com*

                                                                                                                                        /s/

_____
Attorney