UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**PINE FOREST ASSEMBLY OF**
**GOD CHURCH INC,**

      **Plaintiff,**

v.                                             **CASE NO. 3:22cv6472-MCR-ZCB**

**CHURCH MUTUAL INSURANCE**
 **COMPANY SI,**

      **Defendant.**
_____/

## ORDER

Plaintiff filed suit in the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida, on April 18, 2022, asserting one claim for breach of an insurance contract. Defendant timely removed the case on May 18, 2022, based on diversity jurisdiction,[1] and filed a Motion to Dismiss for failure to state a claim, ECF No. 8. Plaintiff opposes the motion, ECF No. 10. On review, the Court finds that the motion is due to be granted, with leave to amend.

---

[1] The Court is satisfied that diversity jurisdiction is adequately alleged. *See* 28 U.S.C. § 1332(a). Plaintiff is a Florida corporation with its principal place of business in Cantonment, Florida; Defendant is a Wisconsin corporation with its principal place of business in Merrill, Wisconsin; and Defendant asserts that the amount in controversy exceeds $75,000 because the Property Insurance Notice of Intent to Initiate Litigation, ECF No. 1 at 8, indicates a loss of over $1 million and states the disputed amount is $967.946, and the Sworn Proof of Loss (unsigned) states a loss in excess of $1 million.

**Background**

The Complaint alleges that Plaintiff owns property located at 3125 Pine Forest Road, Cantonment, Florida, insured under a policy issued by Defendant, Policy No. 0097681-01-216497, and that Plaintiff is not in possession of the policy. The policy is alleged to include coverage for "the dwelling, other structures, personal property, and loss of use." ECF No. 3–1 ¶6 (Complaint). Plaintiff alleges that the property sustained damage on September 16, 2020, a time when the policy was in effect, and that a covered loss occurred. Plaintiff further alleges it has complied with all policy terms but that Defendant has breached the contract by refusing to pay the full amount of the Plaintiff's covered loss. As a result, Plaintiff asserts it is entitled to insurance benefits that are due and owing as well as reasonable attorney's fees.

Defendant argues that the Complaint is nothing more than a bare bones recitation of legal elements that fails to identify what provision of the policy has been breached. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff disagrees and argues that the facts alleged are sufficient to state a claim.

**Discussion**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint. Rule 8 requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," not detailed allegations. Fed. R. Civ. P. 8(a)(2). Also, Rule 8 expressly allows alternative and inconsistent claims to

be pled within a complaint. Fed. R. Civ. P. 8(d). For purposes of a Rule 12(b)(6) motion, the Court accepts as true the factual allegations of the complaint and considers whether the facts alleged are sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility is found where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at 678-79 (also noting the plausibility inquiry presents a "context-specific task," requiring the court to draw on "judicial experience and common sense"). Mere legal conclusions lacking factual support are not entitled to an assumption of truth and stating the bare bones legal elements of a claim is insufficient. *Id.*; *Twombly*, 550 U.S. at 555 (noting "a formulaic recitation of the elements of a cause of action will not do'").

Under Florida law, to state a claim for breach of contract, a plaintiff must allege: "(1) a valid contract; (2) a material breach; and (3) damages." *Abbott Lab'ys, Inc. v. Gen. Elec. Cap.*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000); *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992).

The Court agrees with Defendant that the Complaint fails to state a plausible breach of contract claim because it does not allege generally or specifically the policy provision that the Defendant has allegedly breached. Plaintiff has sufficiently identified the contract by stating its policy number. However, Plaintiff's allegation

of a "covered loss" and failure to pay asserts a breach in only a conclusory manner. The lone allegation identifying the breach states: "Defendant has breached the policy of insurance by failing to pay the full amount of damages sustained by Plaintiff." ECF No. 3–1 at 7.  The facts alleged include the date of loss but do not demonstrate the nature of the breach—there is no description of what caused the loss to demonstrate that it is covered or what provision of the policy is alleged to have been breached by the failure to pay for that loss.[2]  "In order to allege a material breach in accordance with the pleading standards required under the Federal Rules of Civil Procedure, the plaintiff must allege which provision of the contract has been breached."[3]  *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-22691-CIV, 2014 WL 7671718, at *4 (S.D. Fla. Dec. 17, 2014).  Courts have dismissed cases where the facts pled are insufficient to determine which provision of the contract has been breached, *see id.* (collecting cases), even where the plaintiff is not in possession of the policy, *see Boca Raton Sailing v. Scottsdale Ins. Co.*, No. 18-CV-81236, 2019

---

[2] The Proof of Loss attached to the Notice of Removal indicates that the loss occurred from a hurricane but does not specify wind or water damage.  It also includes an amount owing under Coverage A—Building/Dwelling and a separate amount under Coverage B—Other Structures, based on a detailed description of the alleged property damage on an estimate from Lincoln Public Adjusting.  This demonstrates Defendant has sufficient notice of the claimed loss but does not provide a factual basis for finding a material breach.

[3] Plaintiff argues that the policy is an "all risk" policy, but even that label is not alleged in the complaint.  While it is not necessary to attach the policy to the complaint, the provision allegedly breached must be reasonably identified.  *See generally Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (affirming dismissal where the pleading did not allege any general or specific provision of any contract that the defendant might have breached).

WL 7904805, at *1 (S.D. Fla. Mar. 18, 2019). The factual allegations in this instance are insufficient to plausibly allege a material breach.

Accordingly, Defendant's Motion to Dismiss, ECF No. 8, is **GRANTED** without prejudice and with leave to amend within fourteen (14) days.

**DONE and ORDERED** on this 27th day of June 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**